UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE RENEE JOHNSON,

     Plaintiff,

v.                                Case No.:  8:21-cv-164-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff Janie Renee Johnson seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits, and for supplemental security income benefits on December 28, 2017, alleging disability beginning August 30, 2016. (Tr. 107, 123, 287-299). The applications were denied initially and on reconsideration. (Tr. 107, 123, 141, 157). Plaintiff requested a hearing, and on July 31, 2020, a hearing was held before Administrative Law Judge Alisa Tapia. (Tr. 40-106). On August 13, 2020, the ALJ entered a decision finding Plaintiff not under a disability from August 30, 2016, through the date of the decision. (Tr. 32-33).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on November 18, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on January 22, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 30, 2016, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative

disc disease and headaches." (Tr. 17-18). At step three, the ALJ found that Plaintiff

did not have an impairment or combination of impairments that meets or medically

equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart

P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d),

416.925, and 416.926). (Tr. 20).

Before proceeding to step four, the ALJ found that Plaintiff had the following

RFC:

> After careful consideration of the entire record, the
> undersigned finds that the claimant has the residual functional
> capacity to perform light work as defined in 20 [C.F.R. §§]
> 404.1567(b) and 416.967(b) except she can never climb
> ladders, ropes, or scaffolds. She can occasionally climb ramps
> and stairs, balance, stoop, kneel, crouch, and crawl. She can
> tolerate no more than moderate level of noise. She should avoid
> work outdoors in bright sunshine. She cannot work with bright
> or flickering lights such as would be experienced in welding or
> cutting metals (fluorescent lights are not considered
> flickering). She will have a sit and stand option that allows her
> to alternate from sitting to standing after sitting for two hours
> such that she could stretch, stand or walk for two minutes. The
> sit and stand option will also include the option to reposition.

(Tr. 20).

At step four, the ALJ relied on the vocational expert's testimony to find

Plaintiff was capable of performing her past relevant work as a receptionist,

marketing sales manager, loan clerk, appointment clerk, and telemarketer. (Tr. 30).

The ALJ found this work did not require the performance of work-related activities

that were precluded by Plaintiff's RFC. (Tr. 30). Alternatively, at step five the ALJ

considered Plaintiff's age (53 years old on the alleged disability onset date), education (at least a high school education), work experience, and RFC, and found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 31-32). The vocational expert testified that Plaintiff's past relevant work was all semi-skilled or skilled, and required the following skills: sales skills, record keeping skills, computer usage skills, keyboarding skills, people skills, and supervisory skills. (Tr. 31). Specifically, the ALJ found that with the skills she acquired from her past relevant work, Plaintiff could perform such occupations as:

(1)   shipping order clerk, DOT 219.367-030,[1] light, semi-skilled, SVP 4

(2)   medical records clerk, DOT 245.362-010, light, semi-skilled, SVP 4

(3)   personnel clerk, DOT 209.362-026, light semi-skilled, SVP 4.

(Tr. 32). In addition, the ALJ listed occupations that Plaintiff could perform that are unskilled:

(1)    ticket seller, DOT 211.467-030, light, unskilled, SVP 2

(2)    routing clerk, DOT 222.687-022, light, unskilled, SVP 2

(3)    router, DOT 222.587-038, light unskilled, SVP 2

(Tr. 32). The ALJ concluded that Plaintiff had not been under a disability from August 30, 2016, through the date of the decision. (Tr. 32).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

## II.    Analysis

On appeal, Plaintiff raises three issues: (1) whether the ALJ erred in failing to consider all of Plaintiff's medically determinable impairments; (2) whether the ALJ properly evaluated Plaintiff's symptoms; and (3) whether the ALJ sufficiently evaluated the medical opinion evidence from Plaintiff's treating physician. (Doc. 21, p. 15, 21, 31).

### A.    Consideration of All Plaintiff's Medically Determinable Impairments

Plaintiff claims that she was diagnosed by at least two of her treating physicians with chronic pain syndrome. (Doc. 21, p. 16). Plaintiff also claims that she repeatedly reported symptoms consistent with this diagnosis, including pain, loss of sleep, and fatigue. (Doc. 21, p. 16). Plaintiff argues that the ALJ did not list chronic pain syndrome as a severe impairment or discuss it at step two of the sequential evaluation or later when determining Plaintiff's RFC. (Doc. 21, p. 16). By failing to consider this impairment, Plaintiff argues that the ALJ committed error. (Doc. 21, p. 17).

At step two, an ALJ considers the severity of a claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe "if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities" 20 C.F.R. §§ 404.1522(a), 416.922(a). In other words, a severe impairment is an impairment or combination thereof that

*significantly* limits a claimant's abilities to perform basic work activities. *See* SSR 85-28, 1985 WL 56856, *4 n.1; 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).

The severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The impairment must also last or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. The claimant bears the burden at step two of proving that she has a severe impairment or combination of impairments. *O'Bier v. Comm'r of Soc. Sec. Admin.*, 338 F. App'x 796, 798 (11th Cir. 2009).

This inquiry "acts as a filter in that the finding of any severe impairment ... is enough to satisfy the requirement of step two and allow the ALJ to proceed to step three." *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018) (internal quotations omitted). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). [2] If any impairment or

---

[2] Plaintiff cites a case from the Northern District of Texas for the proposition that failure to consider a severe impairment at step two and in determining a claimant's RFC may be grounds for reversal. (Doc. 21, p. 15, (citing *Mahoney v. Astrue*, 2009 WL 3097334 (N.D. Tex. Sept. 25, 2009)). This case is not binding on this Court and conflicts in part with persuasive Eleventh Circuit case law.

combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling." *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-842 (11th Cir. 2014) (internal citations omitted).

With this standard in mind, even if the ALJ should have characterized Plaintiff's chronic pain syndrome as a severe impairment, any error is harmless because the ALJ characterized other impairments – degenerative disc disease and headaches – as severe. (Tr. 13). The ALJ then advanced to step three of the sequential evaluation. *See Ball*, 714 F. App'x at 993. With step two satisfied, the issue then becomes whether the ALJ considered all of Plaintiff's impairments, including her chronic pain syndrome, in assessing the RFC.

Plaintiff argues that she repeatedly reported symptoms consistent with a diagnosis of chronic pain syndrome, including pain, loss of sleep, and fatigue. (Doc. 21, p. 16). In the decision, after determining the RFC, the ALJ stated that she "has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 21). And throughout the decision, the ALJ noted when Plaintiff complained of pain, loss of sleep, and fatigue, (Tr. 21-21-26), including the below references:

- June 2017 – Before Plaintiff stopped working, she had complaints of low back pain, neck pain, left shoulder pain, left leg pain, right leg pain, left knee pain, and right knee pain. The pain started 18 years ago. Plaintiff went to the Florida Spine Institute with moderate to severe pain, and reported her pain increased with sitting, standing, walking, bending, and twisting. She was prescribed muscle relaxers and hydrocodone without any side effects. (Tr. 22).

- August 2017 – Plaintiff reported an 80% overall improvement with medications and overall pain relief of 90 %, with a pain level of 2. (Tr. 23).

- October 2017 – Plaintiff reported 70% pain relief with medication regimen. (Tr. 23)

- November 2017 – Plaintiff reported chronic pain and unable to sleep. She also reported an 80% pain relief with medication. (Tr. 21, 23).

- December 2017 – Plaintiff reported her pain was adequately controlled with current medication. (Tr. 23).

- January 2018, Plaintiff reported 80% pain relief with current medications. (Tr. 23).

- February 2018 – Plaintiff reported pain every day, all day, and needing to stay in bed all day, and her condition affected her lifting squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, completing tasks, concentration, and using hands. Plaintiff also reported pain was maintained at 80% pain relief with current medications. (Tr. 21, 23).

- July 2018 – Plaintiff reported her pain level as an 8, and complained of localized bilateral shoulder pain, low back pain, right hand pain, and rib cage pain. (Tr. 24).

- November 2018 – Plaintiff reported she experienced constant back pain and headaches and she could not squat, bend, reach, or kneel. (Tr. 21).

- December 2018 – Plaintiff's son described Plaintiff's pain as extreme, and she had anxiety and sadness. He also indicated that her conditions affected lifting, squatting, bending, standing reaching walking, sitting, kneeling, talking, stair climbing, completing tasks, and concentration. (Tr. 21).

- January through December 2019 – Plaintiff reported back pain levels of 7 to 9. Plaintiff complained of poor sleep. (Tr. 24).

- July 31, 2020 – Plaintiff testified at the hearing that she cannot work due to her back and neck pain that radiates to her extremities, and she cannot sit or walk very well. She has difficulty getting out of bed in the morning and may stay in bed until 1:00 p.m. She has different types of headaches most days. She reported she does not sleep much at night due to insomnia, is able to make coffee, prepare simple meals, watch television, read, look at Facebook, walk her dog with her husband, and uses a cane. (Tr. 21-22).

While the ALJ may not have mentioned a diagnosis of chronic pain syndrome, she thoroughly considered Plaintiff's reported symptoms and alleged limitations from her subjective complaints of pain, inability to sleep, and fatigue in determining Plaintiff's RFC. Based on Plaintiff's stable pain management treatment as well as some other factors, the ALJ formed an RFC that accommodated Plaintiff's spinal impairment with exertional and postural limitations, and accommodated her headaches with environmental limitations. (Tr. 29-30). Thus, even if the ALJ erred in failing to mention Plaintiff's chronic pain syndrome, any error is harmless because the ALJ considered all of Plaintiff's impairments, both severe and non-severe and her subjective complaints when determining the RFC. Substantial evidence supports the ALJ's findings.

**B.     Subjective Complaints**

Without specifying which factors, Plaintiff argues that the ALJ failed to examine some factors in the regulations when assessing Plaintiff's subjective complaints. (Doc. 21, p. 23). Plaintiff also argues that the ALJ erred in summarizing the objective medical evidence, the opinion evidence, and then concluding that such

evidence did not establish Plaintiff's impairments were of a disabling nature. (Doc. 21, p. 23-24).

A claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all of the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, the ALJ made these general findings on Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

 (Tr. 22). The ALJ considered Plaintiff's daily activities. (Tr. 21-22). The ALJ also summarized Plaintiff's reported complaints at medical visits, her hearing testimony, her medication regimen, and objective medical testing. (Tr. 22-24).

The ALJ determined that the examination findings had not been consistent with the degree of limitations that Plaintiff alleged, particularly with regard to weakness, inability to use her right hand, and limited ability to walk. (Tr. 24). The ALJ also found that later records actually reflect fewer clinical abnormalities. (Tr. 24). The ALJ then cited treatment notes and testing that do not support Plaintiff's complaints. (Tr. 24-25). The ALJ concluded that objective findings at medical visits lack support for her complaints – such as no abnormalities noted in a physical exam at Advanced Pain Care, no trigger points observed in her back or extremities, her neurological exam was grossly intact, and her gait was intact. (Doc. 25).

The ALJ also found Plaintiff's pain management treatment had been inconsistent with reports of uncontrolled severe pain and cites records of Plaintiff's medication management. (Tr. 25). The ALJ discussed both types of Plaintiff's headaches, their treatment, and the improvement or resolution of both. (Tr. 25-26). The ALJ also cited more recent records that do not reflect complaints or abnormalities related to Plaintiff's allegedly disabling condition, including emergency room visits and a primary care visit, which showed full range of motion in the upper and lower extremities, no motor or sensory deficits, and normal gait. (Tr. 26). The ALJ concluded that "[t]he complaints and objective findings were inconsistent with her treatment records." (Tr. 26).

The ALJ considered the factors in the regulations as well as the medical and other evidence of record as a whole in reaching her decision as to Plaintiff's subjective complaints. The ALJ clearly articulated explicit, adequate reasons in finding Plaintiff's representations of intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record and supported these findings with substantial evidence found in the record. Further, even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Plus, the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Thus, the ALJ did not err in considering Plaintiff's subjective complaints.

## C.   Medical Opinion Evidence

Plaintiff argues that the ALJ erred in not assigning weight to the opinion of Geoffrey Jones, M.D. (Doc. 21, p. 32). Plaintiff concedes that the ALJ discussed Dr. Jones's opinions and indicated that she did not find them persuasive because they were inconsistent with Dr. Jones's treatment notes and other evidence of record. (Doc. 21, p. 32). Under the new regulations, the ALJ properly considered Dr. Jones's opinions.[3]

---

[3] Plaintiff argues that the ALJ must state the particular weight of a given physician's opinion and

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at \*2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the

---

the reasons for it. (Doc. 22, p. 31-32). Recently, the Eleventh Circuit decided that the new regulations, specifically 20 C.F.R. § 404.1520c, apply to cases filed after March 27, 2017. *See Harner v. Soc. Sec. Admin., Comm'r*, No. 21-12148, 2022 WL 2298528, at \*4 (11th Cir. June 27, 2022).

> Section 404.1520c falls within the express delegation to the Commissioner to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same" for adjudicating disability claims. *See* 42 U.S.C. § 405(a). And although the Act instructs administrative law judges to "make every reasonable effort to obtain from the individual's treating physician ... all medical evidence ... necessary" to make a proper disability determination, 42 U.S.C. § 423(d)(5)(B), the Act does not specify how this evidence is to be weighed. Because section 404.152c falls within the express delegation and is not "manifestly contrary to the statute," *see Chevron*, 467 U.S. at 844, 104 S.Ct. 2778, the regulation did not "exceed the [Commissioner's] statutory authority." *See Heckler*, 461 U.S. at 466, 103 S.Ct. 1952.

*Id.* at \*3. Thus, the Court will consider the medical source opinion under the rubric of the new regulations.

length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your

impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

The ALJ summarized Dr. Jones's opinion that included limitations for Plaintiff:

> [Dr. Jones] reported he had begun treating the claimant in April 2018 and that she was diagnosed with lumbar spondylosis and radiculopathy. He reported she experienced constant, sharp pain. He noted her pain included localized bilateral shoulder pain, localized right[-]hand pain, bilateral rib cage pain, and low back pain radiating to the bilateral feet. He reported her medication side effects included dizziness, drowsiness, nausea, vomiting, and blurred vision. He opined the claimant can walk one city block without rest or severe pain, sit for 20 minutes at one time and a total of less than two hours total, stand one hour at one time, and stand or walk about two hours total in an eight-hour day. He indicated she would need a job that permits shifting positions at will and periods of walking around. He indicated she would not need unscheduled breaks. He indicated she could lift and carry up to ten pounds occasionally, 20 pounds rarely, and never 50 pounds. He indicated she could occasionally twist, stoop, crouch or squat, climb stairs, and climb ladders. He indicated her abilities to reach, handle, finger, feel, and push or pull were not affected by her impairment. He estimated her symptoms would not likely be severe enough to interfere with the attention and concentration needed to perform even simple work and that she was capable of low stress work. (Exhibit 21F).

(Tr. 28-29).

As Plaintiff conceded, the ALJ considered Dr. Jones's treatment records and opinions. (Tr. 28-29). The ALJ found Dr. Jones's opinions unpersuasive because they were inconsistent with his own treatment notes as well as the record as a whole. (Tr. 29). The ALJ provides examples, such as treatment notes through December 2019 that reflected normal objective findings with neurological exam grossly intact and gait intact, no weakness or decreased range of motion, or the need for an assistive device. (Tr. 29). While Plaintiff complained of severe pain, the ALJ noted that her medications remained stable with some doses decreasing. (Tr. 29). And exams by Plaintiff's primary care provider and neurologist did not contain findings of abnormal gait or neurological deficits. (Tr. 29). The ALJ also cited a consultative exam in August 2018, at which Plaintiff exhibited full motor strength and normal grip strength. (Tr. 29). The ALJ challenged Dr. Jones's finding that an assistive device was medically necessary and cited medical records reflecting Plaintiff had a normal gait and was ambulating independently. (Tr. 29).

In applying the correct legal standard, the ALJ considered Dr. Jones's treatment records and opinions and provided valid reasons in finding Dr. Jones's opinions were unsupported by his own treatment notes and inconsistent with the record as a whole and thus unpersuasive. These reasons are supported by substantial evidence and the Court finds no error .

## III.    Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 18, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties